AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Central District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Austin A. Burns | ) | Case Number: 14-20050-001 |
| | ) | USM Number: 14087-273 |
| | ) | Elisabeth Pollock |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

FILED
JAN 2 6 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2251(a) and (e) | Sexual Exploitation of a Child | 6/27/2014 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/25/2016
Date of Imposition of Judgment

s/Colin S. Bruce

Signature of Judge

COLIN S. BRUCE,   U.S. District Judge
Name and Title of Judge

1/26/16
Date

AO 245B (Rev. 10/15) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Austin A. Burns
CASE NUMBER: 14-20050-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

270 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1.) It is recommended that the defendant serve his sentence in a facility as close to his family in Iroquois, South Dakota, as possible, specifically Florence, Colorado. 2.) It is further recommended that he serve his sentence in a facility that will allow him to participate in sex offender treatment and maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Austin A. Burns
CASE NUMBER: 14-20050-001

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Five (5) year term.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

1) The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall not knowingly answer falsely the probation officer's questions and shall follow the probation officer's instructions as they relate to the defendant's conditions of supervision. The defendant agrees that this condition does not infringe on his 5th amendment right against self-incrimination;
4) The defendant shall notify the probation officer of any change in residence, employer, or work place within 72 hours;
5) The defendant shall not knowingly meet, communicate, or otherwise interact with any person engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the probation officer;
6) The defendant shall permit a probation officer to visit the defendant at home or elsewhere between the hours of 6:00 a.m. and 11:00 p.m., unless investigation a violation or in case of an emergency. The defendant shall permit confiscation of any contraband observed in plain view by the probation officer;
7) The defendant shall notify the probation officer within seventy-two house of being arrested or questioned by a law enforcement officer;
8) As directed by the probation officer, the defendant shall participate in a psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders and a sex-offender group and for individual counseling program. The defendant shall comply with all of the requirements and restrictions of such programs. The defendant shall submit to physiological testing, including polygraph and plethysmograph testing, as directed by the treatment provider. The defendant shall pay for such services, if financially able, as directed by the U.S. Probation Office;

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Austin A. Burns
CASE NUMBER: 14-20050-001

## ADDITIONAL SUPERVISED RELEASE TERMS

9) The defendant shall not knowingly associate with; have verbal, written, telephonic, or electronic communication with; or have physical contact with any female under the age of 18 except: (1) in the presence of an adult who is aware of the nature of his background and current offense, and who has been approved by the Probation Office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

10) The defendant will not knowingly receive, transmit, have under his control, or view, any illegal material that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B);

11) The defendant will participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during his term of supervision. The monitoring program will start as soon as possible after his supervision term begins. The defendant will sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time, the defendant will install filtering software on any computer he possesses or uses which will monitor access to websites that depict illegal sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B). the defendant will allow the U.S. Probation Office unannounced access to any computer he possesses or uses to verify that the filtering software is functional. He will pay for the cost of the filtering software, if financially able, as directed by the U.S. Probation Office.

12) The defendant agrees that if there is reasonable suspicion to believe that he is in violation of a condition of supervised release related to the receipt, transmission, or possession of any illegal material that depicts sexually explicit conduct, or any violation of the Computer and Internet Monitoring Program, or any violation of his sex offender treatment program, he will submit to the search of his person, automobile, and property under his control by the U.S. Probation Office. The defendant will also allow the U.S. Probation Office to conduct periodic unannounced examinations, between the house of 6:00 a.m. and 11 p.m., unless investigating a violation or in case of an emergency, of his computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from his device to ensure compliance with this condition, and for removal of such equipment for the purpose of conducting a more thorough inspection.

13) The defendant will participate in psychiatric services and for a program of mental health.

14) The defendant will register with the state sex offender registration agency in any state where he resides, is employed, carries on a vocations, or is a student, as directed by the probation office.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 6 |
|---|---|---|

DEFENDANT: Austin A. Burns
CASE NUMBER: 14-20050-001

# CRIMINAL MONETARY PENALTIES

    The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Austin A. Burns
CASE NUMBER: 14-20050-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

   Pursuant to 18 U.S.C. § 982, the defendant shall forfeit any interest in visual depictions of sexually explicit conduct and any property used to commit the offense, including: a Samsung Galaxy S III SPH-L710, IMEI 990001148513716; a ZTE Z750C Savvy Cellphone; a Samsung SCH-5351; an LG VX8500 (Verizon); and a Blackberry Curve 3, Model 9330-

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.