

# FEDERAL PUBLIC DEFENDER
## CENTRAL DISTRICT OF ILLINOIS

January 29, 2020

Mr. Austin Burns
Reg. No. 14087-273
USP Marion
P.O. Box 1000
Marion, IL 62959

Re:   Litigating Judge Bruce Misconduct

Dear Mr. Burns:

You have previously asked for my office's assistance in litigating any potential claim you may have regarding Judge Bruce's actions in engaging in repeated *ex parte* communications with the United States Attorney's Office. I have counseled you to wait to file any pleading while my office and the United States Attorney's office litigated the matter in *United States v. Nixon*, 15-20057. That litigation has not yet concluded. I told you that I had negotiated an agreement with the United States Attorney's office to toll, or suspend the statute of limitations for filing a motion under 28 U.S.C. § 2255 based on Judge Bruce's misconduct. That agreement preserved the claim that Judge Bruce was actually biased against defendants. I have enclosed a copy of the agreement.

The agreement did *not* preserve the right to raise a claim that Judge Bruce's failure to recuse himself from cases pursuant to the federal recusal statue, 28 U.S.C. § 455(a) violated your rights and supports either a new trial or a new sentencing. It was that argument that resulted in the Seventh Circuit ordering a new sentencing hearing in *United States v. Atwood*, 941 F.3d 883 (7th Cir. 2019). I requested the United States Attorney's office expand the tolling agreement to include an *Atwood* claim. United States Attorney John Milhiser informed me on Monday, January 27, 2020, that he would not agree to expand the tolling agreement. So, I did not properly preserve your right to raise an *Atwood* claim and as a result the statute of limitations for raising such a claim may have run out. That was a serious legal error on my part.

There is a legal doctrine that can allow a court to excuse the running of the statute of limitations on § 2255 motions. This doctrine is called equitable tolling. That doctrine applies when a defendant has been misled or misinformed regarding when the statute of limitations
| FEDERAL PUBLIC DEFENDER | ASSISTANT DEFENDERS | | OFFICES | 600 E. Adams St., 3rd Fl. Springfield, IL 62701 |
| --- | --- | --- | --- | --- |
| Thomas W. Patton | Robert Alvarado | Rosie Brown | 401 Main St., Ste 1500 | (217) 492-5070 |
| | Karl Bryning | Johanna Christiansen | Peoria, IL 61602 | (217) 492-5077 |
| | Peter Henderson | Daniel Hillis | (309) 671-7891 | |
| SENIOR LITIGATOR | Johanes Maliza | Brian Mullins | (309) 671-7898 (fax) | 300 W. Main St. Urbana, IL 6180_ |
| George Taseff | Elisabeth Pollock | Colleen Ramais | | (217) 373-0666 |
| | | | Website: http://ilc.fd.org | (217) 373-0667 |



EXHIBIT A

would run out. In my opinion, that is what I have done, misled you into believing I had properly preserved all of your claims regarding Judge Bruce's misconduct.

To obtain the benefit of the equitable tolling doctrine a defendant must act promptly after discovering they have been misled or misinformed regarding the statute of limitations. Accordingly, it is important that you very quickly file a § 2255 motion raising the issue of Judge Bruce's misconduct if you wish to seek relief in your case. You can raise whatever other issues you like, but make sure you raise every issue you would like to argue as it will be hard to add any claims at a later time. You can include this letter with your filing in support of your claim for equitable tolling.

I am very sorry for my failure to properly preserve your rights. There is no excuse for my mistake and I am sorry it has harmed your claim for relief.

                      Sincerely,

                      *s/ Thomas W. Patton*

                      Thomas W. Patton

TWP/mdk
Enclosure