UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff/Respondent; | ) | Case Nos. | 20-CV-2276 |
| | ) | | 14-CR-20050 |
| vs. | ) | | |
| | ) | | |
| AUSTIN A. BURNS, | ) | | |
| | ) | | |
| Defendant/Petitioner. | ) | | |

**JOINT MOTION FOR DISCOVERY AND EXPANDED RECORD**

NOW COMES the Petitioner, Austin A. Burns, by his attorney, Charles Schierer, and the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Elly M. Peirson, Assistant United States Attorney, and pursuant to Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, hereby requests that this Court authorize discovery to expand the record by issuing an Order requiring the petitioner's prior counsel to provide additional materials relating to the claim of ineffective assistance of counsel. In support of this request, the parties submit the following for the Court's consideration.[1]

**PROCEDURAL HISTORY**

1. On September 10, 2014, a grand jury in the Central District of Illinois charged petitioner in a single-count indictment with sexual exploitation of a minor, in violation of

---

[1] Per this Court's order, the parties are filing this motion in the criminal case although it relates to the Section 2255 motion. D.E. 10/5/2020.

18 U.S.C. § 2251(a). R. 8. Petitioner was initially arrested and charged by criminal complaint for the same offenses. R. 1; D.E. 8/11/2014.

2. On September 21, 2015, petitioner pled guilty to the indictment pursuant to a plea agreement. D.E. 9/21/2015; R. 21. The court (Bruce, J.) sentenced petitioner to 270 months imprisonment and entered judgment on January 26, 2016. R. 30. Petitioner was represented at all relevant times in the district court by Assistant Federal Public Defender Elisabeth Pollock.

3. Petitioner did not appeal his conviction and sentence. When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. *Clay v. United States,* 537 U.S. 522, 525 (2003); *United States v. Woods,* 169 F.3d 1077, 1078 (7th Cir.1999); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore, his judgment became final on February 9, 2016. 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A).

5. On October 5, 2020, over four years after his conviction became final, petitioner filed a pro se motion to vacate his conviction and sentence under 28 U.S.C. § 2255. R.36.

6. Petitioner alleges that that his due process rights were violated based on the presiding judge's (Bruce, J.) improper communications with some members of the U.S. Attorney's office for the Central District of Illinois. R.36 at 4. Petitioner also claims that Federal Public Defender Thomas Patton was ineffective because he misled petitioner and failed to preserve his rights by entering into a tolling agreement with the United States that did not encompass an appearance of bias under *United States v. Atwood*, 941 F.3d 883

(7th Cir. 2019). *Id*. at 5. Petitioner requests a resentencing hearing in front of a different judge. *Id*. at 12.

7. This Court appointed attorney Charles Schierer to represent petitioner and Mr. Schierer filed an amended motion on October 29, 2020. R. 37.

8. Defendant's amended motion alleges that 1) Judge Bruce was actually biased against him; 2) Judge Bruce's communications with the U.S. Attorney's Office creates an appearance of bias and his failure to recuse himself under 28 U.S.C. § 455(a) warrants a new sentencing; and 3) the Federal Public Defender was ineffective for not properly preserving his rights both during his direct appeal and in negotiating a tolling agreement with the government. R. 37.

9. Defendant's supplemental motion also asks this court to excuse the untimeliness of defendant's petition claiming the doctrine of equitable tolling applies due to Federal Public Defender Thomas W. Patton's self-confessed "serious legal error" by failing to preserve defendant's right to claim a due process error based on Judge Bruce's alleged violation of the federal recusal statute. *Id.*

10. The government's response to Petitioners's motion is presently due December 28, 2020.

## DISCLOSURE OF JUDGE BRUCE EMAILS

11. Around May of 2018, the United States disclosed an e-mail exchange between Judge Bruce and a paralegal in the Springfield Division of the U.S. Attorney's Office (USAO) related to a prior trial (*United States v. Sarah Nixon,* CDIL Case No. 15-CR-20057) to counsel for Nixon. *See Nixon* R.181-1, Gov. App. 211. The USAO then conducted a

3

search and located additional communications on which Judge Bruce and one or more employees in the USAO was either a sender or a recipient.

12. On September 20, 2018, the USAO disclosed to AFPD Pollock any Judge Bruce e-mails that related to cases where she was counsel of record. On October 25, 2018, FPD Patton filed a motion for a new trial in the *Nixon* case alleging that the disclosed e-mails showed that Judge Bruce was actually biased against all criminal defendants, and therefore, violated Nixon's due process rights. *See Nixon* R. 173.

13. On information and belief, on or about November 26, 2018, Federal Public Defender Thomas Patton wrote the petitioner a letter enclosing the previously filed new trial motion in *Nixon*. The letter informed petitioner that Judge Bruce's alleged actual bias could be raised in a Section 2255 motion and that the FPD's Office would file the motion for petitioner if he wanted to challenge his conviction and sentence[2].

14. The FPD and USAO later entered into an agreement to toll the limitations period for filing a Section 2255 claim that alleged Judge Bruce was biased and violated the petitioner's due process rights. The agreement specifically tolled the otherwise applicable one-year limitations period for filing an actual bias claim until 60 days after the district court's decision in *Nixon* became final. *Id.* According to FPD Patton, the agreement did not toll the limitations period for filing a claim based on Judge Bruce's failure to recuse himself pursuant to 28 U.S.C. § 455(a) based on an alleged appearance of bias.

---

[2] The parties do not have a copy of this letter, but are aware of similar letters that FPD Patton sent in other cases under similar circumstances and believe that one was sent to petitioner in this case.

4

15. On January 17, 2019, appellant/defendant James Atwood filed a brief in the Seventh Circuit alleging that Judge Bruce should have recused himself prior to sentencing Atwood pursuant to Section 455(a) based on the disclosed e-mails.[3] Appeal No. 18-2113, R. 17-19. On October 24, 2019, the Seventh Circuit held on direct appeal in *Atwood* that Judge Bruce's failure to recuse himself pursuant to Section 455(a) was an error that, in that case, required resentencing by a different judge. *United States v. Atwood,* 941 F.3d 883 (7th Cir. 2019).

16. On March 19, 2019, undersigned counsel wrote petitioner and AFPD Pollock informing them of the discovery of the communications between the U.S. Attorney's office and Judge Bruce, as well as the then-pending litigation both in the district court and appellate court regarding the issue.

17. On January 29, 2020, FPD Patton wrote the petitioner a letter informing him that the tolling agreement did not preserve his right to raise a claim under Section 455(a) and that the statute of limitations for such a claim may have expired. R. 37-1 at 1-2. The letter claimed that the FPD had misled the petitioner. *Id.*

**REASONS FOR DISCOVERY AND EXPANDED RECORD**

18. Rule 6(b) directs parties requesting discovery to provide the Court with reasons for the request and specifying any requested documents. Rule 7 permits the Court to direct the parties to expand the record by submitting additional materials related to the motion, including letter predating the filing of the motion, documents, and exhibits.

---

[3] The FPD was appointed to represent Atwood on appeal, but withdrew before his brief was filed based on a conflict of interest. Appeal No. 18-2113, R. 8.

19. In this Section 2255 proceeding, the petitioner alleges that the FPD provided the petitioner with ineffective assistance of counsel. This raises numerous issues, including (1) whether an attorney-client relationship existed at the time of the alleged ineffective assistance;[4] and (2) whether the FPD's performance fell below an objective standard of competency and was not a matter of strategy.

20. The petitioner is entitled to any materials in the custody of the FPD that would assist him in proving his claim of ineffective assistance. Likewise, the United States is entitled to any materials in the custody of the FPD that would allow it to answer the motion and determine whether to oppose or concede the allegation of ineffective assistance of counsel.

21. The petitioner affirmatively waives any attorney-client privilege with the FPD regarding any materials related to his claim that the FPD was ineffective in not preserving a claim that Judge Bruce violated Section 455(a). Moreover, it is well settled that when a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives attorney-client privilege with respect to former counsel on matters necessary to decide the claim. *See, e.g., United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his

---

[4] Habeas petitioners do not have a constitutional right to counsel. *See Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). No appointment of the FPD in the Section 2255 matter appears on the docket or in the public record of this matter.

claim."). *Accord Seifer v. United States,* 225 F. Supp. 3d 811, 812 (E.D. Wis. 2016); *Jenkins v. United States*, No. 18-CV-01994-DRH, 2018 WL 5785992, at *1 (S.D. Ill. Nov. 5, 2018); *Cary v. United States*, No. 13-CV-1529, 2013 WL 6797170, at *2 (C.D. Ill. Dec. 23, 2013) ("Petitioner cannot claim his counsel was ineffective for failing to respond to his request for an appeal, and then protest when the government and the Court attempt to obtain confirmation or a denial from the only other source for this information, his attorney.").

22. The waiver of attorney-client privilege in situations involving claims of ineffective assistance of counsel is also addressed in Rule 1.6 of the Illinois Rules of Professional Conduct. Rule 1.6(b) states: "A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonable believes necessary . . . (5) . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." Thus, the petitioner has implicitly waived attorney-client privilege by alleging that the FPD provided constitutionally ineffective assistance.

23. In such a situation, district courts have encouraged the parties to file a motion for an order authorizing such disclosure. *Bryant v. United States*, No. 3:15-CV-2158, 2016 WL 2930872, at *8 (C.D. Ill. May 19, 2016) (citing *United States v. Evans*, 113 F.3d 1457, 1468 (7th Cir. 1997)); *accord Staszak v. United States*, No. 15-20, 2015 U.S. Dist. LEXIS 94815, 2015 WL 4474333 (S.D. Ill. July 21, 2015); *see also* Illinois Rules of Prof'l Conduct R. 1.6(b)(6) (revelation of confidential information permitted" to comply with . . . a court order"). Therefore, the parties are filing this motion requesting an order requiring the FPD to disclose to the parties information, including attorney-client communications with the

petitioner, necessary to prove or disprove the petitioner's ineffective assistance of counsel claims.

24. Specifically, the parties request the Court to issue an Order requiring the FPD to disclose to the parties any and all materials in its possession, including, but not limited to, letters, documents, notes, recordings, communications, transcripts of conversations, memoranda, emails, or instant messages: (1) establishing that an attorney-client relationship existed between the petitioner and the FPD at any time between the time the petitioner's conviction became final (February 9, 2016) and the petitioner filed his Section 2255 motion (October 5, 2020), including the petitioner's assent to representation by the FPD; (2) relating in any way to Judge Bruce's alleged appearance of bias and/or failure to recuse under Section 455(a) or any other statute, including any reference to the appellant's brief filed in *Atwood* raising these issues or the Seventh Circuit's opinion in *Atwood* discussing these issues, including, but not limited to, (a) how and when the FPD first considered or became aware of such a potential claim, and (b) the FPD's consideration at any time of whether to file such a claim on the behalf of any client, including the petitioner; (3) relating in any way to the FPD's performance in negotiating the tolling agreement on behalf of the petitioner; and (4) relating in any way to the FPD misleading the petitioner into believing the FPD had properly preserved his claims, including advising the petitioner to wait to file any pleading.

25. This Court has granted similar motions for discovery in other cases raising the same issue. *See e.g. United States v. Gherna*, 16-cr-20050, D.E. 11/5/2020; *United States v. Parkhurst*, 15-cr-20051, D.E. 11/5/2020.

26. Finally, the Petitioner and United States agree to the information contained herein solely for purposes of this joint motion. Neither the Petitioner nor the United States intend, by agreeing to this joint motion, to waive or forfeit any procedural or substantive argument or defense that they may have in this matter.

WHEREFORE, the Petitioner and the United States of America respectfully request that this Court enter an Order requiring the FPD to provide the parties with the requested materials to expand the record in this matter.

Respectfully submitted,

AUSTIN A. BURNS, Defendant

s/ Charles Schierer
Charles Schierer, Esq. Bar No. IL 6271701
Schierer & Ritchie, LLC
1009 Illini Drive
East Peoria, IL 61611
Phone:  309-839-2024
chuck@srtriallawyers.com

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/ Elly M. Peirson
Elly M. Peirson, Bar No. IL 6298075
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217-373-5875
Fax:  217-373-5891
elly.peirson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties of record.

          s/ Elly M. Peirson
          Elly M. Peirson, Bar No. IL 6298075
          Assistant United States Attorney
          201 S. Vine St., Suite 226
          Urbana, IL 61802
          Phone:  217-373-5875
          Fax:  217-373-5891
          elly.peirson@usdoj.gov