E-FILED
Wednesday, 16 December, 2020  10:02:34 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff/Respondent; | ) | Case Nos. | 20-CV-2276 |
| | ) | | 14-CR-20050 |
| vs. | ) | | |
| | ) | | |
| AUSTIN A. BURNS, | ) | | |
| | ) | | |
| Defendant/Petitioner. | ) | | |

## MOTION TO STAY GOVERNMENT'S RESPONSE

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, through undersigned counsel, and hereby requests that this Court stay the government's response in this matter pending the Court's ruling on the Petitioner's Notice of Voluntary Dismissal. R. 40. In support of this request, the government states as follows:[1]

1.   On September 21, 2015, petitioner pled guilty to the indictment pursuant to a plea agreement. D.E. 9/21/2015; R. 21. The court (Bruce, J.) sentenced petitioner to 270 months imprisonment and entered judgment on January 26, 2016, which included a government sponsored departure from the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e); R. 30. The defendant's plea agreement with the government included a waiver of his collateral attack rights. R. 21.

---

[1] Per this Court's order, the parties are filing this motion in the criminal case although it relates to the Section 2255 motion. D.E. 10/5/2020.

2.   On October 5, 2020, over four years after his conviction became final, petitioner filed a pro se motion to vacate his conviction and sentence under 28 U.S.C. § 2255. R.36.

3.   Petitioner alleges that that his due process rights were violated based on the presiding judge's (Bruce, J.) improper communications with some members of the U.S. Attorney's office for the Central District of Illinois. R.36 at 4. Petitioner also claims that Federal Public Defender Thomas Patton was ineffective because he misled petitioner and failed to preserve his rights by entering into a tolling agreement with the United States that did not encompass an appearance of bias under *United States v. Atwood*, 941 F.3d 883 (7th Cir. 2019). *Id*. at 5. Petitioner requests a resentencing hearing in front of a different judge.  *Id*. at 12.

3.   This Court appointed attorney Charles Schierer to represent Petitioner and Mr. Schierer filed an amended motion on October 29, 2020. R. 37. The issues raised therein, in part, potentially breach Petitioner's plea agreement with the government, and thereby releases the government from its obligation under the agreement. As such, the government will not be required to make a motion under Section 3553(e) for a downward departure below the statutory mandatory minimum at any resentencing hearing.

4.   Further, this Court granted the parties' motion for expanded discovery and ordered the Federal Public Defender to produce certain discovery materials to the parties by December 8, 2020. d/e 11/17/2020. To date the responsive materials have not been received.[2]

---

[2] The government has not reached out to Mr. Patton to remind him of the Court's order based on the procedural posture of this case.

5.   Petitioner filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) on December 9, 2020, but this Court has not yet acknowledged Petitioner's notice.[3] R. 40.

6.   The government's response to Petitioner's motion is presently due December 28, 2020.

7.   The government has no objection to Petitioner's motion to dismiss.

8.   In the interest of judicial economy, the government therefore requests that this Court stay the government's response to Petitioner's motion to vacate his sentence pending the Court's resolution of his voluntary notice to dismiss his petition.

For the reasons stated herein, the government moves to stay its response pending further order of this Court.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/ Elly M. Peirson
Elly M. Peirson, Bar No. IL 6298075
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217-373-5875
Fax:  217-373-5891
elly.peirson@usdoj.gov

---

[3] It is unclear if the Court's acceptance of Petitioner's voluntary notice of dismissal is required. *See* Fed.R.Civ.P. 41 (a plaintiff may file a notice of voluntary dismissal before the opposing party serves an answer, without a court order); *but see* 28 U.S.C. § 2255 (requiring a response from the United States upon the court's finding that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Nevertheless, in an abundance of caution, because this matter is a hybrid civil and criminal matter, the government seeks this Court's guidance to gain clarity on the procedural posture of this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties of record.

s/ Elly M. Peirson
Elly M. Peirson, Bar No. IL 6298075
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217-373-5875
Fax:  217-373-5891
elly.peirson@usdoj.gov